TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Michigan Consumer Credit Lawyers
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Aaron Boutin*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aaron Boutin, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Experian Information Solutions, Inc., an Ohio corporation, Pinnacle Credit Services, LLC a Minnesota company, and Collection Consultants of California, a California corporation. | **JURY TRIAL DEMAND** |
| Defendants. | |

1

NOW COMES THE PLAINTIFF, AARON BOUTIN, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681p; the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p; and 28 U.S.C. §§1331, 1337.

## VENUE

2. The transactions and occurrences which give rise to this action occurred in the City of Phoenix, Maricopa County, Arizona.

3. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

4. The Defendants to this lawsuit are:

   a. Experian Information Solutions, Inc. ("Experian"), which is an Ohio company that maintains a registered agent in Maricopa County, Arizona;

   b. Pinnacle Credit Services, LLC ("Pinnacle Credit Services"), which is a Minnesota company that maintains a registered agent in Roseville, Minnesota; and

2

c. Collection Consultants of California ("Collection Consultants"), which is a California corporation that maintains registered offices in Glendale, California.

## GENERAL ALLEGATIONS

5. Sometime prior to January 22, 2016, Plaintiff obtained his credit files and noticed Collection Consultants with account number 6004791 and Pinnacle Credit Services with account number 8210385350…. ("Errant Trade Lines") were reporting their respective trade lines. Mr. Boutin did not recognize the Collection Consultants trade line, and Mr. Boutin believed that no balance was owed on the Pinnacle Credit Services trade line.

6. Mr. Boutin disputed the Errant Trade Lines with Experian, Equifax, and Trans Union ("Credit Reporting Agencies" or "CRAs"), respectively, on the following dates:

   a. January 22, 2016;
   b. March 11, 2016;
   c. April 13, 2016; and
   d. July 13, 2016.

7. Upon information and belief, the Credit Reporting Agencies forwarded Mr. Boutin's disputes to Collection Consultants and Pinnacle Credit Services.

8. On or about August 2, 2016, Mr. Boutin obtained his credit files and noticed Collection Consultants and Pinnacle Credit Services continued to report their

Errant Trade Lines. However, Mr. Boutin no longer disputed the Errant Trade Lines.

9. On or about October 12, 2016, Mr. Boutin submitted a letter to Experian, stating that he no longer disputed the Errant Trade Lines. He requested that the dispute language be removed from the Errant Trade Lines.

10. Upon information and belief, Experian forwarded Mr. Boutin's subsequent disputes to Pinnacle Credit Services and Collection Consultants.

11. On or about November 8, 2016, Mr. Boutin received Experian's investigation results, which showed that Collection Consultants and Pinnacle Credit Services retained the disputed language on the Errant Trade Lines. It reported, "Account information disputed by consumer" on both Errant Trade Lines.

## COUNT I

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT BY COLLECTION CONSULTANTS**

12. Plaintiff re-alleges the above paragraphs as if recited verbatim.

13. At all relevant times, Defendant Collection Consultants, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

14. Plaintiff is a "Consumer" pursuant to the FDCPA, and the account at issue is a consumer debt.

15. Defendant Collection Consultants is a "debt collector" pursuant to the FDCPA, 15 U.S.C. §1692a(6).

16. Defendant Collection Consultants' foregoing acts in attempting to collect the alleged debt violated the following provisions of the FDCPA:

   a. 15 U.S.C. §1692e2(A) by misrepresenting the character, amount, or legal status of any debt.  Defendant Collection Consultants did this when it failed to remove the disputed status from its Errant Trade Line.

17. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE**, **PLAINTIFF PRAYS** that this court grant him a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

## COUNT II

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT BY PINNACLE CREDIT SERVICES

18. Plaintiff re-alleges the above paragraphs as if recited verbatim.

19. At all relevant times, Defendant Pinnacle Credit Services, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

20. Plaintiff is a "Consumer" pursuant to the FDCPA, and the account at issue is a consumer debt.

21. Defendant Pinnacle Credit Services is a "debt collector" pursuant to the FDCPA, 15 U.S.C. §1692a(6).

22. Defendant Pinnacle Credit Services' foregoing acts in attempting to collect the alleged debt violated the following provisions of the FDCPA:

   a. 15 U.S.C. §1692e2(A) by misrepresenting the character, amount, or legal status of any debt.  Defendant Pinnacle Credit Services did this when it failed to remove the disputed status from its Errant Trade Line.

23. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE**, **PLAINTIFF PRAYS** that this court grant him a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY PINNACLE CREDIT SERVICES

24. Plaintiff realleges the above paragraphs as if recited verbatim.

25. After being informed by Experian of Mr. Boutin's consumer dispute that he wanted to remove the dispute language from the Errant Trade Line, Pinnacle Credit Services negligently failed to conduct a proper investigation of Mr. Boutin's dispute as required by 15 USC 1681s-2(b).

26. Pinnacle Credit Services negligently failed to review all relevant information available to it and provided by Experian in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Experian to remove the dispute language from the Errant Trade Line.

27. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Boutin's consumer credit file with Experian to which it is reporting such trade line.

28. As a direct and proximate cause of Pinnacle Credit Services' negligent failure to perform its duties under the FCRA, Mr. Boutin has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

29. Pinnacle Credit Services is liable to Mr. Boutin by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

30. Mr. Boutin has a private right of action to assert claims against Pinnacle Credit Services arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant Pinnacle Credit Services for damages, costs, interest, and attorneys' fees.

### COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY PINNACLE CREDIT SERVICES

31. Plaintiff realleges the above paragraphs as if recited verbatim.

32. After being informed by Experian that Mr. Boutin disputed the accuracy of the information it was providing, Pinnacle Credit Services willfully failed to conduct a proper reinvestigation of Mr. Boutin's dispute.

33. Pinnacle Credit Services willfully failed to review all relevant information available to it and provided by Experian as required by 15 USC 1681s-2(b).

34. As a direct and proximate cause of Pinnacle Credit Services' willful failure to perform its duties under the FCRA, Mr. Boutin has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

35. Pinnacle Credit Services is liable to Mr. Boutin for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant Pinnacle Credit Services for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

8

## COUNT V

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY COLLECTION CONSULTANTS

36. Plaintiff realleges the above paragraphs as if recited verbatim.

37. After being informed by Experian of Mr. Boutin's consumer dispute that he wanted to remove the dispute language from the Errant Trade Line, Collection Consultants negligently failed to conduct a proper investigation of Mr. Boutin's dispute as required by 15 USC 1681s-2(b).

38. Collection Consultants negligently failed to review all relevant information available to it and provided by Experian in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Experian to remove the dispute language from the Errant Trade Line.

39. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Boutin's consumer credit file with Experian to which it is reporting such trade line.

40. As a direct and proximate cause of Collection Consultants' negligent failure to perform its duties under the FCRA, Mr. Boutin has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

41. Collections Consultants is liable to Mr. Boutin by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

42. Mr. Boutin has a private right of action to assert claims against Collection Consultants arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant Collection Consultants for damages, costs, interest, and attorneys' fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY COLLECTION CONSULTANTS

43. Plaintiff realleges the above paragraphs as if recited verbatim.

44. After being informed by Experian that Mr. Boutin disputed the accuracy of the information it was providing, Collection Consultants willfully failed to conduct a proper reinvestigation of Mr. Boutin's dispute.

45. Collection Consultants willfully failed to review all relevant information available to it and provided by Experian as required by 15 USC 1681s-2(b).

46. As a direct and proximate cause of Collection Consultants willful failure to perform its duties under the FCRA, Mr. Boutin has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

47. Collection Consultants is liable to Mr. Boutin for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for

reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant Collection Consultants for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT VII

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

48. Plaintiff realleges the above paragraphs as if recited verbatim.

49. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Boutin as that term is defined in 15 USC 1681a.

50. Such reports contained information about Mr. Boutin that was false, misleading, and inaccurate.

51. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Boutin, in violation of 15 USC 1681e(b).

52. After receiving Mr. Boutin's consumer dispute to the Errant Trade Lines, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

53. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mr. Boutin has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

54. Experian is liable to Mr. Boutin by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT VIII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

55. Plaintiff realleges the above paragraphs as if recited verbatim.

56. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Boutin as that term is defined in 15 USC 1681a.

57. Such reports contained information about Mr. Boutin that was false, misleading, and inaccurate.

58. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Boutin, in violation of 15 USC 1681e(b).

59. After receiving Mr. Boutin's consumer dispute to the Errant Trade Lines, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

60. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mr. Boutin has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

61. Experian is liable to Mr. Boutin by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: December 9, 2016

                              KENT LAW OFFICES

                              By: */s/ Trinette G. Kent*
                                Trinette G. Kent
                                Attorneys for Plaintiff,
                                Aaron Boutin